PRICE, Judge.
Defendant, Calvin L. Donald, was charged by Grand Jury indictment in the parish of Caldwell with aggravated rape. La.R.S. 14:42.; A twelve-member jury found him guilty as charged, and he was subsequently sentenced to life imprisonment at hard labor. On appeal of his conviction to this court, defendant asserts six assignments of error by the trial court. We will pretermit our discussion of the first assignment of error concerning sufficiency of the evidence until after consideration of the assignments of error relating to the admissibility of particular evidence.
*864 Defendant Donald was convicted of having sexual relations with his five-year-old stepdaughter Tanika Walker, in violation of La.R.S. 14:42(4) which provides that:
Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) ...
(4) Where the victim is under the age of twelve years, lack of knowledge of the victim’s age shall not be a defense.
The following facts are disclosed by the record. Defendant’s wife Shirley Donald worked from 2:00 p.m. to 10:00 p.m. and defendant often cared for his two stepdaughters, Tanika and Sonja, ages five and three respectively, until she returned home. On May 16, 1982, when Mrs. Donald returned home from work shortly after 10 o’clock, she found Tanika, clad only in a nightgown, in bed with defendant, who was dressed in his undershorts. Three-year-old Sonja was in the girls’ bedroom alone. Mrs. Donald testified she considered this an unusual circumstance and Tanika appeared to be shaking and upset, which prompted her to question the child as to whether the defendant had done anything to her. Tani-ka responded that defendant had “put his thing down there.” She then took Tanika in the bathroom and bathed her, noting the presence of what appeared to her to be “male sperm” on the child’s leg.
A quarrel then ensued between defendant and Mrs. Donald, during which defendant became angry and began to disarrange some of the contents of the house. Mrs. Donald then gathered up her children and went down the street to her father’s house, from which she called the Sheriff’s office to report the incident.
Deputy Sheriff Fred Grant was the investigating officer. He arrived at the Donald house at approximately 10:40 that evening and was met by Mrs. Donald, who recounted to him substantially the same information as contained in her trial testimony. He then went into the Donald house and talked with the defendant, whom he stated smelled of alcohol. He then went to Mrs. Donald’s father’s home and talked with the little girl about the incident. He was allowed to testify that Tanika told him the defendant had “put his thing down between my legs and it hurt,” and she indicated that he had done it three times. He then carried mother and daughter to E.A. Conway Hospital in Monroe, where the child was examined by Dr. Janet Walters.
Dr. Walters testified that in examining the child’s vagina she found two small tears at the entrance. She found that the skin was actually broken and that the tears had occurred within the 24 hours immediately preceding the examination. She stated that the condition of the child’s vagina was consistent with the blunt trauma of something trying to penetrate it and with the child’s statements concerning what had happened.
By his second assignment of error, defendant urges that the trial court’s refusal to permit defense counsel to question Shirley Donald concerning her relationship with a man other than defendant precluded him from showing an improper motive for her testimony. It is axiomatic that evidence must be relevant to a material issue in order to be admissible at trial, and that relevant evidence is that which tends to show, or tends to negative, the commission of an offense and the intent. La.R.S. 15:435, 15:441. The defense conceded that the relationship referred to was not formed until after the rape incident. The trial court held that such evidence was therefore irrelevant, as no motive for fabrication would have existed until after the incident. The scope and extent of cross-examination rests largely within the discretion of the trial judge and his rulings will not be disturbed in the absence of an abuse of discretion. State v. Garrison, 400 So.2d 874 (La.1981). We find no abuse of discretion in the ruling complained of.
By his next three assignments of error, defendant complains of the admission of hearsay evidence in the form of statements by the victim and her younger sister to their mother, the investigating police offi *865 cer, and the examining physician. He contends that the admission of these out-of-court statements for the purpose of proving his guilt of the charge was error because they do not fall within an exception to the rule prohibiting the use of such hearsay evidence.
The trial court admitted the statements made to all three witnesses as part of the res gestae exception to the hearsay rule under La.R.S. 15:447 which provides:
Res gestae are events speaking for themselves under the immediate pressure of the occurrence through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act or immediate con-comitante of it, or form in conjunction with it one continuous transaction. La.R.S. 15:448.
The rule as to admissibility of statements as part of the res gestae in the prosecution of sex offenses, as stated by the Louisiana Supreme Court, is that the original complaint of a young child is admissible when the particular facts and circumstances of the case indicate that the complaint was the product of a shocking episode and not a fabrication. State v. Adams, 394 So.2d 1204 (La.1981); State v. Noble, 342 So.2d 170 (La.1977). Thus in Adams the statement of a five-year-old child identifying her stepfather as the perpetrator of the rape to an adult woman some ten hours after the incident was held admissible because the circumstances indicated that it was made at the first opportunity the child had to speak with a friendly adult. In State v. Prestridge, 399 So.2d 564 (La.1981), the child victim was visibly upset and crying after the incident, had to remain in a house trailer in close proximity with the defendant, and the only other adult present was her mother who was in the bed with the defendant. The court held that the child’s statement concerning the incident which she made to her babysitter the following morning was made at the first reasonable opportunity under the circumstances, and was thus admissible as part of the res ges-tae.
In the instant case, Tanika’s statement to her mother was made almost immediately upon her mother’s return home from work, while she was still in the bed with defendant and remained visibly upset and shaking. Under the circumstances, we are satisfied that the statement was made at the first reasonable opportunity and find no error in the trial court’s allowing this statement to go before the jury as part of the res gestae.
We further find that the trial court did not err in permitting the deputy’s account of the victim’s statements to him as it falls within the recognized exception to the hearsay rule that the early complaint of. a rape victim is admissible. See State v. Hunter, 340 So.2d 226 (La.1976); State v. Brown, 302 So.2d 290 (La.1974). As to his testimony that the younger child Sonja told him that defendant had been “messing with Tanika,” we do find that the trial court was in error in allowing this statement for the purpose of showing the basis of the officer’s investigation. We do not feel that this particular statement, made by a three-year-old child who was not herself a victim of the rape, nor shown to be present at the time of the incident, would suffice.to serve as the basis for an investigation. Nor does it fall within any other exception to the hearsay rule. However, this statement was simply cumulative evidence, being essentially the same statements made by the victim to her mother and the deputy, and as such the admission thereof constitutes harmless error.
We reach the same conclusion with regard to defendant’s fifth assignment of error concerning statements made by the victim to the examining physician. Since the statement made was merely cumulative with the previous statements, any error in admitting these statements by the child-vic *866 tim did not prejudice the defendant. We therefore find no merit in these assignments of error.
Defendant further contends that the trial court erred in failing to require the state to produce the victim at trial, in violation of his constitutional rights to confront and cross-examine the witnesses against him under the Louisiana Constitution, Article 1 § 16 and the Sixth Amendment to the U.S. Constitution. We recognize the constitutional guarantee of a defendant’s right to confront his accusers. However, the right of confrontation is not absolute, and may be qualified if justified by necessity and attended by strong assurance that evidence admitted thereunder will be reliable. See State v. Monroe, 345 So.2d 1185 (La.1977).
Evidence forming part of the res gestae is always admissible. La.R.S. 15:477. Therefore, its admissibility is not contingent upon the unavailability of a witness, and we know of no rule requiring that the state produce the victim of a rape under circumstances such as those before us. See State v. Monroe, supra. In any case the defense was at liberty to summon the victim to testify at trial, and failed to do so, and also made no attempt to examine her competence as a witness inasmuch as she was under the age of twelve. See LSA-R.S. 15:469. Furthermore, he was afforded full opportunity to cross examine those witnesses who did testify against him. Under the circumstances we find no merit to the defendant’s suggestion that his right of confrontation has been abridged.
Having concluded our examination of the admissibility of the evidence introduced against the defendant, we may now move to a consideration of the defendant’s assertion that said evidence was insufficient to support his conviction. The applicable standard of review, as stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Since the victim did not testify at trial, defendant’s conviction is based solely upon circumstantial evidence. Therefore, we are additionally governed by our statutory rule as to circumstantial evidence:
Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438.
See State v. Graham, 422 So.2d 123, at 129 (La.1982).
Tanika’s mother testified that, upon her arrival home from work on the night in question, she discovered her husband and her five-year-old daughter in the same bed, he clad only in undershorts and she in a nightgown with no underwear. She found it unusual that only one and not both of her daughters would be in the bed with their stepfather. Upon questioning, Tanika told her mother the defendant had “put his thing down there.” Upon removing the child to the bathroom, she found what she termed male sperm, no doubt meaning semen, running down Tanika’s leg and immediately bathed her. When she confronted her husband, he became angry and an argument ensued, where upon Mrs. Donald took her children down the street to her father’s home.
There she called the Caldwell Parish Sheriff’s office to report the incident. Deputy Sheriff Fred Grant, the investigating officer, testified that Mrs. Donald’s testimony at trial was consistent with the information she had given him that night. He also stated that Tanika had told him the defendant “put his thing down between my legs and it hurt.” He thereafter drove the child and her mother to E.A. Conway Hospital for a physical examination in the emergency room was Dr. Janet Walters, who testified as to the tears in the child’s vagina which she found had occurred within the 24 hours prior to the examination, and that the child’s condition was consistent with a penetration. She also stated that it was highly unlikely that the injury could have occurred in any manner other than the one presented by the child. The defense failed to produce any evidence to controvert the testimony *867 given at trial, or to show any motive for fabrication by these witnesses.
Viewing this evidence in the light most favorable to the prosecution, we believe that a rational juror could find that the essential elements of aggravated rape by this defendant have been proved beyond a reasonable doubt. We further find that the evidence excludes every reasonable hypothesis of the defendant’s innocence. This assignment of error likewise lacks merit.
For the reasons assigned the defendant’s conviction is affirmed.
AFFIRMED.