506 So.2d 515 (1987)
Tyrone JACKSON
v.
C. Paul PHELPS.
No. CA 86 0633.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Rehearing Denied May 11, 1987.
Writ Denied July 1, 1987.
Tyrone Jackson, in pro. per.
Atty. General's Office, Joseph Kopsa, Baton Rouge, for defendant-appellee C. Paul Phelps.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
GROVER L. COVINGTON, Chief Judge.
This case and a companion case also handed down this day, Price v. Phelps[1], 506 So.2d 518 (La.App.1987), docket number CA 86 0774, present a question of first impression: Whether an inmate sentenced to the custody of the Department of Public Safety and Corrections who is statutorily ineligible for the diminution of his sentence for good behavior (known as "good time") may nevertheless earn good time if the sentencing judge omits stating his ineligibility. Both cases arose when inmates of Washington Correctional Institute filed petitions in the Nineteenth Judicial District Court for East Baton Rouge Parish naming C. Paul Phelps, Secretary of the Department of Public Safety and Corrections, as defendant, and asserting their entitlement to good time credit, which has been denied to them by the Department. After a hearing on the matter before a Commissioner, the trial court granted defendant's motion for summary judgment in both cases, dismissing them, and these appeals followed. *516 Since these cases have not been formally consolidated on this court's docket, separate decisions will be handed down in each case.
Plaintiff Tyrone Jackson was sentenced to four years in the custody of the Department on February 6, 1984, as part of a plea bargain agreement. He had agreed to plead guilty to simple burglary, a violation of La.R.S. 14:62, in exchange for this sentence, which was to remain the same in the event that he was billed as a multiple offender under La.R.S. 15:529.1.[2] He was so billed, again pleaded guilty, and received the same four year sentence. Plaintiff claims that implicit in the agreement was good time eligibility, which would effectively reduce his sentence to two years and eight months; and that even if such were not the agreement, the omission by the sentencing judge to state that he was not eligible for good time credit renders him eligible.[3] Plaintiff cites as his authority the cases of State v. Jackson, 452 So.2d 682 (La.1984), State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984), and State ex rel. Almore v. Criminal District Court, 433 So.2d 712 (La.1983).
Defendant argues that under La.R.S. 15:571.3, plaintiff is not eligible to earn good time credit on his sentence, and that plaintiff's reliance on the cases cited is misplaced, as those cases deal with parole, probation, and suspension of sentence rather than good time eligibility.
We agree with defendant's contentions that plaintiff's authorities are not dispositive of the issue before us. The starting point for our analysis must be La.R.S. 15:571.3(B) and (C) relating to diminution of sentence, which provide in pertinent part:
B. Every inmate in the custody of the Department of Corrections who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months may earn a diminution of sentence by good behavior and performance of work or self improvement activities or both to be known as "good time." Those inmates serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The director of corrections shall establish procedures for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed shall be as otherwise provided by law.
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
. . . . .
(j) Simple burglary.
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate's last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
Under the clear wording of this statute, plaintiff is not eligible to earn diminution of his sentence through good time credit on three bases: (1) his present conviction *517 is for simple burglary, specifically listed under paragraph (C), sub-part (1) of the statute as an offense for which no good time credit may be earned; (2) he was sentenced as an habitual offender under La.R.S. 15:529.1; and (3) his last conviction was for a crime committed on or after September 10, 1977.
However, plaintiff argues that the statute is not controlling in this instance because of the pronouncements of our Supreme Court in the cases dealing with correction of illegally lenient sentences which he cites. In State v. Jackson[4], 452 So.2d 682 (La.1984), the court held that it was inappropriate for an appellate court to correct a sentence which had been imposed by the trial judge without specific mention of the statutory denial of parole eligibility when the defendant alone sought review. In State ex rel. Pierre v. Maggio, 445 So.2d 425 (La.1984), and State ex rel. Almore v. Criminal District Court, Parish of Orleans, 433 So.2d 712 (La.1983), the court held that the Department of Corrections has no authority to correct an illegally lenient sentence by altering its records to show parole ineligibility when such restriction was not imposed by the sentencing judge. Plaintiff argues that the same prohibition applies to diminution of sentence through good time credit: since the trial judge failed to articulate his ineligibility when pronouncing his sentence, the sentence may not now be corrected by either the court or the Department to reflect ineligibility for good time credit.
Almore, Pierre, Fraser, and Jackson are distinguishable from the present case. These four cases deal with parole, probation and suspension of sentence, concepts which are companions to a criminal sentence but which require different considerations and guidelines from those which apply to a good time credit reduction of sentence. In regard to sentencing, the trial judge has a great deal of input, direct as well as indirect, granted to him by our statutes. In the case of probation and suspension of sentence, with some exceptions, the judge himself may grant or deny either or both as part of his broad discretion in pronouncing a sentence in a criminal case. With regard to parole, his input is less direct, but nonetheless there, in that by varying the length of a sentence in a particular case, he determines when a defendant may be considered for parole by the Parole Board under LSA-R.S. 15:574.4.[5] This extensive role in probation, parole, and suspension of sentence was referred to by our Supreme Court as part of its considerations in the Jackson case when it stated that correction of the sentence by the appellate court, rather than the trial judge, "possibly denied defendant the right to have the trial judge exercise informed sentencing discretion." 452 So.2d 682, 684.
The sentencing judge has no such role in the matter of good time credit, which is uniformly allowed by statute to inmates in the custody of the Department of Corrections except for those convicted of certain offenses, LSA-R.S. 15:571.3, without input by the trial judge. Any discretion in the assessment of the good time credit is exercised by the director of corrections, who establishes the rules and procedures as well as determining when good time has been earned by a particular inmate. Thus, whether a sentencing judge articulates a defendant's eligibility for good time credit under § 571.3 is completely irrelevant to whether that defendant may receive itsuch a pronouncement is not part of the broad sentencing discretion *518 granted to the trial judge. This consideration in Jackson is inapplicable here.
For these reasons, we hold that plaintiff is not entitled to earn diminution of his sentence through good time credit, under the provisions of LSA-R.S. 15:571.3, and that articulation or failure to articulate the statutory denial of such entitlement by the trial judge in pronouncing sentence is irrelevant. The decision of the trial court granting defendant's motion for summary judgment dismissing plaintiff's case is affirmed. Costs in this matter are assessed to plaintiff-appellant.
AFFIRMED.
LANIER, J., concurs and assigns reasons.
LANIER, Judge, concurring.
I agree with the opinion and assign the following additional reasons.
Under the penal sanction for simple burglary, La.R.S. 14:62, the awarding of or forfeiting good time credit is not an authorized function of the trial court when imposing sentence. Under the habitual offender law, La.R.S. 15:529.1, the awarding or forfeiting of good time credit is not an authorized function of the trial court when imposing sentence. (Compare, however, La.R.S. 14:95.2[B].) Diminution of sentence for good behavior is controlled by La.R.S. 15:571.3 et seq. Pursuant to La. R.S. 15:571.3(B), the "director of corrections", now the Secretary of the Department of Public Safety and Corrections (DOC), is required to "establish procedures for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence", and the "amount of diminution of sentence allowed shall be as otherwise provided by law." The procedures for awarding good time to prisoners in the custody of the DOC are set forth in La.R.S. 15:571.4(B). The procedures for forfeiting good time are set forth in La.R.S. 15:571.4(C) and (D). The awarding and forfeiting procedures for good time are administrative and are performed by the DOC; these procedures are not part of the sentencing function of a trial court.
NOTES
[1] These cases are virtually identical and were consolidated for oral argument in the trial court below. However, they have not been consolidated on this Court's docket.
[2] Although the record does not indicate the nature of plaintiff's prior offense, the briefs of both parties state that it was theft.
[3] Plaintiff does not claim any violation of his plea bargain, but, instead, merely seeks relief based upon the sentence actually imposed by the trial judge.
[4] Plaintiff acknowledges in his brief the amendment by our Legislature of LSA-C.Cr.P. Art. 882 relative to correction of an illegal sentence subsequent to the decision in State v. Jackson. However, neither party has cited State v. Fraser, 484 So.2d 122 (La.1986), decided by our Supreme Court after the amendment of Article 882, which considered specifically the question of how the amendment affected the holding of Jackson. Fraser concluded that Jackson's holding was unchanged by the change in Article 882.
[5] This statute provides that a person otherwise eligible for parole may be considered by the Parole Board after serving one-third of his sentence for a first felony offense, or one-half of his sentence for a second felony offense.