ON REHEARING
REHEARING DENIED: In the interests of justice, since this area of law is unsettled and since this matter originated as a civil proceeding, we feel the rehearing delay for civil matters should apply. This application is, therefore, timely. See Uniform Rules — Courts of Appeal, Rule 2-18.-2(b).
However, we find respondent’s argument to be without merit. The cases of Jackson v. Phelps, 506 So.2d 515 (La.App. 1st Cir.1987), writ denied 508 So.2d 829 (La.1987), and State ex rel. Bartie v. State, 501 So.2d 260 (La.App. 1st Cir.1986), are not in conflict. Bartie dealt with a specific situation in which a prisoner contended that the Department of Public Safety and Corrections had miscalculated his time served and that, upon proper calculation, he was entitled to immediate release. This Court found that such an action should be categorized as a post-conviction habeas corpus action, for which venue is provided under La.R.S. 15:571.15. The Jackson case dealt merely with the claim of an inmate that he was erroneously being denied good time by the Department of Public Safety and Corrections because he was statutorily ineligible for good time. Jackson does not indicate that plaintiff therein alleged that he was entitled to immediate release. Jackson was a civil matter.
In the instant case, relator contends that the Department of Public Safety and Corrections had erroneously denied him proper good time credit and that, if properly credited, he would be entitled to immediate release. There is no distinction in the remedy afforded relator from the remedy afforded in Bartie. Both inmates contend that they are entitled to immediate release. The fact that one inmate bases his claim upon application of good time credit and another bases his claim upon calculation of time served is merely a difference without a distinction. Habeas corpus proceedings *153 are excluded from the procedures promulgated pursuant to the Corrections Administrative Procedure Act. See La.R.S. 15:1172; 11 Louisiana Register 1089-1090 (1985).