ALFORD, Judge.
These consolidated cases were brought by several inmates incarcerated at Washington Correctional Institute in Washington Parish, Louisiana. The sole issue before this court is whether plaintiffs are entitled to diminution of their sentences for good behavior where the sentencing judge omitted stating their ineligibility.
Plaintiffs were all sentenced as habitual offenders under LSA-R.S. 15:529.1. LSA-R.S. 15:571.3(B) and (C) provide as follows:
B. Every inmate in the custody of the Department of Corrections who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months may earn a diminution of sentence by good behavior and per *637 formance of work or self improvement activities or both to be known as “good time.” ... The director of corrections shall establish procedures for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed shall be as otherwise provided by law.
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if:
(1)The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
(a) First degree murder.
(b) Second degree murder.
(c) Manslaughter.
(d) Aggravated battery. .
(e) Aggravated rape.
(f) Forcible rape.
(g) Simple rape.
(h) Aggravated kidnapping.
(i) Aggravated burglary.
© Simple burglary.
(k) Armed robbery.
(l) Simple robbery.
(m) A violation of R.S. 14:67 which is a felony.
(n) A violation of R.S. 14:95 which is a felony.
(o) A violation of R.S. 14:95.1 which is a felony.
(p) A violation of Chapter 9 of Title 40 of the Louisiana Revised Statutes of 1950 which is a felony.
(q) A violation of the Louisiana Controlled Dangerous Substances Law which is a felony; or
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
Under the clear wording of this statute, plaintiffs are not entitled to earn diminution of their sentences through good time credit on three bases: (1) their present convictions are for one of the enumerated crimes specifically listed under paragraph (C), subpart (1) of the statute as offenses for which no good time credit may be earned; (2) they were sentenced as habitual offenders under LSA-R.S. 15:529.1; and (3) their last convictions were for crimes committed on or after September 10, 1977. Jackson v. Phelps, 506 So.2d 515 (La.App. 1st Cir.1987); Price v. Phelps, 506 So.2d 518 (La.App. 1st Cir.), writ denied, 508 So.2d 829 (La.1987).
The fact that the sentencing judge failed to articulate plaintiffs’ eligibility for good time credit is completely irrelevant to whether they may receive it — such a pronouncement is not part of the broad sentencing discretion granted to the trial judge. Jackson, 506 So.2d at 517.
For these reasons, we hold that plaintiffs are not entitled to earn diminution of their sentences through good time credit, under the provisions of LSA-R.S. 15:571.3, and that articulation or failure to articulate the statutory denial of such entitlement by the trial judge in pronouncing sentence is irrelevant. The decision of the trial court in favor of defendants dismissing plaintiffs’ cases is affirmed. Costs in this matter are assessed to plaintiffs-appellants.
AFFIRMED.