WILLIAMS, Judge.
This 39-year-old defendant, Calvin R. Lane, committed perjury in a felony trial against Arthur Jones, who was charged with possession with intent to distribute cocaine. Defendant admitted that he was paid $30 to testify that the cocaine belonged to him and a third party. Based upon that testimony, Jones was found not guilty. Defendant pled guilty under section two of LSA-R.S. 14:123, which provided a maximum sentence of five years. This was part of a plea bargain. Perjury occurring in a felony trial carries a maximum sentence of ten years while in all other cases the maximum sentence is five years. The trial court sentenced defendant to five years at hard labor. In exchange for defendant’s guilty plea, the state also dismissed one count of possession with intent to distribute cocaine and one count of distribution of cocaine. On appeal, defendant claims that his sentence was excessive and that inadequate reasons were given by the trial court for an upward departure from the recommendation of the sentencing guidelines.
Defendant did not file a motion to reconsider sentence as required by LSA-C.Cr.P. Art. 881.1. LSA-C.Cr.P. Art. 881.-1(D) provides that failure to make or file a motion for reconsideration of sentence precludes a defendant from challenging the sentence on appeal for any ground, including excessiveness, not specified in the motion. Defendant was sentenced on June 23, 1992, well after the effective date of LSA-C.Cr.P. Art. 881.1. Because no motion for reconsideration of sentence was filed in this case, the defendant is precluded from raising an objection to his sentence on appeal. State v. Bush, 604 So.2d 1383 (La.App.2d Cir.1992).
DECREE
Defendant’s conviction and sentence are AFFIRMED.
BROWN, J., concurs with written reasons.