| iBERTRAND, Judge.
Defendant, Michael Timmons, was convicted of simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. Defendant was sentenced to serve 15 years at hard labor as an habitual offender under La.R.S. 15:529.1, and, in accordance with La.R.S. 15:571.3(C)(2), the trial judge noted the sentence was to be served without benefit of diminution of sentence.
Defendant objected to sentencing and made an oral notice of appeal. However, defense counsel submitted a brief to this court stating she has found no non-frivolous issues to be raised on appeal; she also moved to withdraw as counsel for defendant. Defense counsel followed the procedures outlined by this court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Defendant was given an opportunity to file a response on his own behalf, but he has not done so. Accordingly, as required by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have conducted an independent review of the record and transcript. We find no non-frivolous issues or rulings which would support a reversal of defendant’s conviction; however, we must remand to the district court for correction of sentence.
IgOn December 3, 1992, defendant burglarized the victim’s apartment. Several items were taken which included a VCR, CD player, antique radio, stereo tuner, and two stereo speakers. Some of these items were later recovered at a local pawn shop. Defendant’s fingerprints were found at the scene of the crime, and defendant was identified by the owner of the pawn shop as the person who pawned the stolen goods. A review of the trial transcript reveals that the State proved every essential element of the crime beyond a reasonable doubt.
As mandated by Benjamin, supra, and La.C.Cr.P. Art. 920, we have reviewed all of the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information, and all transcripts contained in the appellate record. Defendant was properly charged by a bill of information with simple burglary of an inhab *650 ited dwelling, a violation of La.R.S. 14:62.2. The bill of information was signed by the assistant district attorney, Monique Y. Me-toyer. Defendant was present and represented by counsel at the waiving of formal arraignment, all motion hearings, jury selection, trial, and sentencing. We find no error in these proceedings.
In reviewing the actual sentence imposed, however, we find error in the trial court’s failure to inform the defendant of the prescriptive period for post conviction relief, as required by La.C.Cr.P. Art. 930.8. Therefore, we must remand this matter to the trial judge to inform the defendant of the provisions of Art. 930.8 by sending appropriate written notice to defendant within 10 days of the rendition of this opinion and to file written proof that defendant received the notice in the record of these proceedings.
Further, we delete that portion of the sentence which refers to defendant’s ineligibility for good time benefits under La.R.S. 15:571.3(C)(2). Such notation, while certainly correct, was mere surplusage. The prohibition to which the defendant is subject restricts the authority of the Department of Corrections and is not a matter to be addressed by the trial court.
For the foregoing reasons, defendant’s sentence is amended to delete reference to La.R.S. 15:571.3(0(2), and is remanded for compliance with La.C.Cr.P. Art. 930.8. Defendant’s conviction is affirmed. Defense counsel’s motion to withdraw is granted.
CONVICTION AFFIRMED SENTENCE AMENDED AND REMANDED; MOTION GRANTED.