658 So.2d 251 (1995)
STATE of Louisiana, Appellee,
v.
Randal L. SCOTT, Appellant.
No. 27104-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*252 Tammy D. Lee, Monroe, for appellant.
Walter May, Jr., Dist. Atty., Douglas L. Stokes, Jr., Asst. Dist. Atty., Jonesboro, for appellee.
Before HIGHTOWER and STEWART, JJ., and EDWARDS, J. Pro Tem.
STEWART, Judge.
The defendant, Randal L. Scott, was convicted by a jury of one count of distribution of cocaine within 1000 feet of school property. The trial court sentenced defendant to 15 years at hard labor without the benefit of parole, probation, or suspension of sentence, and imposed a $50,000 fine. We affirm.

FACTS
On September 23, 1993, Deputy Sheriff John Dudley Poda and a confidential informant (CI) drove to a home located at the intersection of Highway 146 and Highway 4 in Chatham, Louisiana. The CI asked an unidentified man standing outside the home if the defendant was there. The man told them to wait, entered the house, and in a few minutes the defendant returned. While Deputy Poda waited in the truck, the CI purchased a $10 bag of marijuana from the defendant. Subsequently, Deputy Poda purchased two $10 rocks of crack cocaine from the defendant. Deputy Poda and the CI returned to the police substation and turned the drugs over to Deputy Sheriff Nelson Spillers. Spillers reimbursed the CI, who had purchased the marijuana with his money, and recorded the details of the transaction as related by Deputy Poda. The sale occurred approximately 400 feet from a school playground.
*253 On September 27, 1993, Deputy Poda and the CI met the defendant at his mother's home in Mt. Mariah. The defendant instructed them to meet him at a nearby cemetery. After arriving at the cemetery, the defendant refused to deal with Deputy Poda, but sold the CI a $20 rock of cocaine. Deputy Poda gave the money to the CI who took it to the defendant and returned with the drug. Poda witnessed the entire transaction from several feet away. Deputy Poda and the CI returned to the substation and surrendered the drugs to Spillers who recorded the events as related by Poda.
Prior to trial, defendant filed an "Application For Bill of Particulars" in which he asked: "On what date and what time and place did the defendant allegedly commit the offense with which he is charged?" The state responded that the defendant sold drugs on September 27, 1993, at his mother's house and on September 23, 1993, at another individual's home.
The defendant also asked, in the bill of particulars, if any offers of immunity, leniency, cooperation, or any benefits whatsoever had been offered by a member of the district attorney's office, the arresting authority, or any other state or local agency to any person in connection with this case. The state responded: "No."
On the evening prior to the trial, the state alerted defense counsel to an amendment to the answers to the bill of particulars and faxed the amended answers to trial counsel's office. The state indicated that it would introduce pictures of the location of the September 23, 1993 sale and copies of the deeds by which the Jackson Parish School Board acquired title to the playground.
The supplemental answer also stated that the arresting agency had an unrelated court date for the CI postponed during the investigation and had agreed that it would consider the CI's cooperation in any future cases. Finally, the supplemental answers indicated that the CI purchased the marijuana on September 23, 1993, Deputy Poda purchased the cocaine on the same date, and the CI, under Deputy Poda's supervision, purchased the cocaine on September 27, 1993. However, the arrest report stated Deputy Poda made all the drug purchases. Deputy Poda testified that he did not attempt to correct the original report because he believed as the officer on the scene, he had indirectly purchased the drugs. Spillers testified he understood that Poda had made the purchase of both drugs.
On the morning of the trial, the defendant sought to subpoena Douglas Stokes, the assistant district attorney, who was counsel of record in the case. The defendant also made an oral motion to recuse Stokes on the grounds he had a personal interest in the case and knowledge material to the defense exemplified by his late discovery response. The trial court stated that the late discovery response might be grounds for a continuance, but was not grounds to subpoena or recuse Stokes.
At defendant's request, the court issued a subpoena for Walter May, the district attorney, who testified concerning the late supplemental responses. Walter May testified that he had not participated in the preparation of the state's case; however, he had spoken to defense counsel concerning the alleged inconsistencies between the testimony in the preliminary exam, the answers to the bill of particulars, and the facts as defense counsel understood them. Mr. May and Mr. Stokes reviewed the bill of particulars and the state's responses and decided to supplement the responses out of an abundance of caution. Mr. May testified that there were no intentional misrepresentations in the original responses and no material inconsistencies between the original and supplemental responses. When Deputy Poda was questioned about the difference in the arrest report and the supplemental answer to the bill of particulars, Poda responded that he was the officer in charge at the scene and the CI made the purchases under his direct supervision.
The jury acquitted the defendant of one count of distribution of cocaine and one count of distribution of marijuana within 1000 feet of property used for school purposes. The jury convicted the defendant of one count of distribution of cocaine within 1000 feet of property used for school purposes.
Although the record does not contain a sentencing transcript, the record does contain: *254 a bill of information charging defendant as an habitual offender, a January 24, 1990 bill of information charging defendant with two counts of simple burglary, and a January 17, 1991 minute entry that indicates the defendant pled guilty to two counts of unauthorized entry into a place of business pursuant to LSA-R.S. 14:62.4. The minutes of court indicate Scott was sentenced, as a second felony offender, to 15 years at hard labor without parole, probation, or suspension of sentence and a $50,000 fine. The record does not contain a written motion to reconsider sentence nor do the minutes of court reflect an oral motion to reconsider sentence.

DISCUSSION
Assignments of Error 1, 2, and 3 are not briefed and defendant states that argument is waived; therefore, they are considered abandoned. URCA 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Plater, 26,252 (La.App. 2d Cir. 9/21/94), 643 So.2d 313; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989).
Assignments of Error 5 and 6, which pertain to admission into evidence pictures of the location of the drug sale, are simply restated in the appellate brief. No statute, jurisprudence, argument or rationale is given to support these assignments. A mere statement of an assignment of error in a brief does not constitute briefing of the assignment, and therefore, the assignment is deemed abandoned. State v. Williams, 632 So.2d 351 (La.App. 1st Cir.1993). Thus, these assignments are also considered abandoned.

Assignment of Error 4
In Assignment of Error 4, defendant asserts that the trial court erred in denying his request to subpoena Douglas Stokes. The defendant alleges that Stokes was a material witness because the state's supplemental discovery responses altered the facts contained in the state's original responses to discovery.
Although the trial court indicated that the late supplemental responses might be grounds for a continuance, the defendant did not request one. Apparently, the defendant believed that the late supplemental responses were the result of a conspiracy to gain an upper hand at trial and Stokes had knowledge of this conspiracy. The record is devoid of evidence to support this assertion.
The Louisiana Constitution Article 1, Section 16 guarantees a criminal defendant the right to confront witnesses against him and to compel the attendance of witnesses in order to present a defense. LSA-C.Cr.P. Art. 731 provides: "The court shall issue a subpoena for the compulsory attendance of witnesses at hearings or trials when requested to do so by the state or the defendant." However, the right of confrontation is not absolute, and may be qualified if justified by necessity and attended by strong assurance that evidence admitted thereunder will be reliable. State v. Donald, 440 So.2d 862 (La.App. 2d Cir.1983).
The defendant argues Stokes' knowledge of the facts surrounding the supplemental response and his motivation for supplementing the answers is crucial to his case. We disagree.
The motivation for supplementing the discovery responses is not relevant to the facts surrounding the alleged crime nor is it relevant to any defense theory. The prosecution is required by law to supplement its answers to discovery requests of the defendant if they discover additional evidence or decide to use additional evidence, and such evidence is or may be subject to discovery or inspection under the order issued. LSA-C.Cr.P. Art. 729.3. Although the state should not be allowed to abuse the discovery process by waiting until the last minute to disclose information that is in their possession, there is no prohibition against the state discovering new information and then supplementing their responses.
If defense counsel felt his case was prejudiced by the late filing, he could have moved for a continuance; he did not. Instead, defense counsel moved to recuse Stokes and moved for the issuance of a subpoena commanding Stokes to testify. The record is devoid of evidence that Stokes had anything material to add to defendant's case.
*255 Further bolstering this position is the fact that the trial court issued a subpoena for Walter May, the district attorney. The record reflects Mr. May had knowledge of the alleged inconsistencies in the preliminary exam, original discovery responses, and the supplemental responses, and had talked to Stokes concerning the necessity of supplementing the responses. The examination of Mr. May did not raise a scintilla of doubt as to the propriety of the supplemental discovery responses. Furthermore, the cross-examination of Deputy Poda did not reveal any conspiratorial tactics on the part of Stokes. The fact that the drug purchases occurred down the road from the residence instead of at the residence and the fact that the CI actually purchased the drugs on two occasions, under the supervision of the officer, is not grounds for issuing a subpoena for Stokes. The trial court did not err in denying the defense request for a subpoena of Stokes.

Assignment of Error 7
In Assignment of Error 7, defendant asserts that the trial court erred by allowing Deputy Poda to testify concerning the contents of his arrest or police report.[1] Defendant asserts that the best evidence of the "arrest report" was the report itself.
During cross-examination, defense counsel asserted Deputy Poda had changed his testimony to comport with the supplemental answers. This assertion was based on the fact that the arrest report indicated Deputy Poda purchased the drugs from the defendant and that the supplemental answers to discovery revealed that the CI, under Poda's supervision, purchased some of the drugs. On redirect, the state asked Deputy Poda:
Q. Did you give your testimony here today to coincide with paragraph twenty, or because it was the truth.
BY MR. HENDERSON, OF COUNSEL FOR THE DEFENDANT: Objection Your Honor. I think that he is leading the witness in regards to paragraph twenty. I think that evidence speaks for itself in the testimony that he's given. And the jury has heard it and they can make that determination from the fact that it's the best evidence of what it says and does not say.
The court overruled the objection and allowed the deputy to answer the question. On appeal, defendant cites LSA-C.E. Art. 611(C) for the proposition that leading questions are not normally permitted during direct examination of a witness. Although the question posed to Deputy Poda was not proper, reversal of a conviction is not mandated unless the leading questions signify clear abuse calculated to prejudice the rights of the accused. State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991). The record does not contain such evidence.
Furthermore, defendant's reliance on the best evidence rule is inappropriate. The broad best evidence rule upon which defendant relies no longer exists. The repeal of LSA-R.S. 15:436 and the adoption of the Code of Evidence resulted "in the demise of any broad `best evidence' rule of exclusion of evidence." State v. Francis, 597 So.2d 55 (La.App. 1st Cir.1992), citing LSA-C.E. Chapter 10 Introductory Note, p. 27 (West 1991).

Assignment of Error 8
Defendant asserts in Assignment of Error 8 that the verdict by the jury was contrary to the law and evidence. This court notes that the proper procedure for raising a sufficiency of the evidence claim is a motion for post-judgment verdict of acquittal. LSA-C.Cr.P. Art. 821. Although defense counsel failed to file such a motion, this assignment must be reviewed on appeal.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Moore, 26,329 (La.App. 2d Cir. 08/17/94), 642 So.2d 679; State v. Bellamy, 599 So.2d 326 (La. *256 App. 2d Cir.1992). A reviewing court should accord great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. McLemore, 26,106 (La.App. 2d Cir. 06/24/94), 640 So.2d 847.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 26,422 (La.App. 2d Cir. 09/21/94), 643 So.2d 293; State v. Carey, et al, 628 So.2d 27 (La.App. 2d Cir.1993); State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992).
The jury believed the testimony of Deputies Poda and Spillers and the CI concerning the sale of cocaine on September 23, 1993, and their testimony was sufficient to convict Scott of distribution of cocaine.

Assignment of Error 9
Finally, in Assignment of Error 9, defendant complains that his sentence is an excessive one. However, defendant failed to file a motion to reconsider sentence as required by LSA-C.Cr.P. Art. 881.1(D). The article provides that failure to make or file a motion for reconsideration of sentence precludes a defendant from challenging the sentence on appeal for any ground, including excessiveness, not specified in the motion. Thus, the defendant is precluded from raising an objection to his sentence on appeal. State v. Lane, 25,805 (La.App. 2d Cir. 03/30/94), 634 So.2d 958; State v. Butler, 25,563 (La.App. 2d Cir. 01/19/94), 631 So.2d 22; State v. Bush, 604 So.2d 1383 (La.App. 2d Cir.1992).

DECREE
For the foregoing reasons, the conviction and sentence of defendant are affirmed.
AFFIRMED.
NOTES
[1] This court notes that the original objection made at trial by defendant was not to Poda testifying from an arrest or a police report, but from the supplemental answers to the bill of particulars.