2WHIPPLE, Judge.
In this appeal, Terrence Lewis, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“the Department”) at Washington Correctional Institute, challenges the determination of the Department that he is ineligible to earn good time credits. The trial court rendered judgment in favor of the Department, dismissing Lewis’ claim, with prejudice. For the following reasons, we affirm.
PROCEDURAL HISTORY
In September of 1985, Lewis was charged with armed robbery in violation of LSA-R.S. 14:64. Lewis was subsequently found guilty of attempted armed robbery in violation of LSA-R.S. 14:27 and 14:64. Thereafter, Lewis was adjudicated a habitual offender on the basis of a prior conviction of simple burglary of an inhabited dwelling. On July 10, 1986, he was sentenced to serve twenty years at hard labor.
Subsequently, Lewis filed a motion to correct an allegedly illegal sentence on the basis that the trial court had failed to articulate that his sentence was to be served without benefit of parole, as required by law. On February 3, 1994, Lewis was resentenced to serve twenty years at hard labor without benefit of parole, probation or suspension of sentence and with credit for time served.
On April 20,1994, Lewis filed a request for relief pursuant to the Corrections Administrative Remedy Procedure, averring that after his resentencing, the Washington Correctional Institute records clerk miscalculated the term of his sentence by failing to credit him with the good time that he had legally earned prior to his February 3, 1994 resen-tencing.
Prior to his resentencing, Lewis apparently was earning good time credits under Department regulation 30-9, which provided at the time that an inmate sentenced under the Habitual Offender Law was ineligible for parole where, |3among other criteria, the inmate had a prior conviction for a crime listed in LSA-R.S. 15:571.3(C)(l)(a) through (r). Because Lewis’ prior felony conviction was for simple burglary of an inhabited dwelling, a crime not specifically enumerated in LSA-R.S. 15:571.3, the Department had allowed him to accrue good time credits.
However, during the intervening time between defendant’s original sentencing (July, 1986) and subsequent re-sentencing (February, 1994), the Department had sought an opinion from the Attorney General regarding interpretation of LSA-R.S. 15:571.3 in denying good time eligibility. One of the questions which the Department presented to the Attorney General was whether either the instant conviction or a prior conviction of one of the enumerated crimes listed in LSA-R.S. 15:571.3(C)(l)(a) through (r) would apply under subsection (C)(1) of the statute to preclude eligibility for good time credits. On September 28, 1992, the Attorney General issued an opinion that a prior conviction, as well as the instant conviction, of one of the enumerated crimes would apply pursuant to LSA-R.S. 15:571.3(0(1), to result in denial of eligibility for good time credits. La.Atty. Gen.Op. No. 92-577 (September 28, 1992).
Thereafter, on November 23,1992, the Department amended Department regulation 30-9 to further clarify and provide, in pertinent part, as follows:
8. GOOD TIME INELIGIBILITY: Good time shall not be awarded to an inmate in the custody of the Department as outlined below:
A. The inmate has been sentenced on the instant offense under the Habitual Offender Law as set forth in R.S. 15:529.1, and also meets all of the criteria as set forth in R.S. 15:571.8C.
1) Any prior or instant conviction listed in R.S. 15:571.3d (a) through *1154 (r) shall be used to meet the criteria as set forth in this section. (Emphasis added).
|42) Pursuant to Nicholas v. Phelps, 521 So.2d 636 [(La.App. 1 Cir.1988)] and Attorney General’s Opinion # 92-577, the use of instant offense applies to an inmate sentenced as an Habitual Offender on or after September 28, 1992.[2]
Thus, in recomputing Lewis’ sentence after his February 3, 1994 resentencing, the Department applied the April 1,1993 amended version of regulation 30-9, and determined that he was not eligible to earn good time credits. In his request for administrative relief, Lewis complained that the good time he had earned prior to resentencing should be applied to his new sentence and that he was being improperly denied his previously earned good time.
In the first step of the administrative procedure, the Department concluded that based on Lewis’ sentence of February 3, 1994, he was not eligible for good time pursuant to section 9(A) of Department regulation 30-9. Lewis’ requests for relief were also denied at the second and third steps of the administrative procedure.
Lewis sought review of the Department’s determination that he was not entitled to good time credits in the Nineteenth Judicial District Court.[3] On May 30, 1996, the parties presented arguments, and evidence was introduced. Thereafter, the Commissioner of the Nineteenth Judicial District Court recommended that Lewis’ suit be dismissed with prejudice. The Commissioner determined that under the applicable law, Lewis was not eligible to receive good time based on his sentence ás a habitual offender imposed on February 3,1994. Thus, the |5Commissioner concluded that Lewis’ contention that he was being denied good time credits merely because he chose to exercise his appellate rights was without merit. ■ ■
On November 6, 1996, the trial court rendered judgment, adopting the recommendation of the Commissioner and dismissing Lewis’ suit, with prejudice. From this judgment, Lewis appeals averring that: (1) his “revocation of conditional release good time credits” violated the ex post facto prohibition of Article I, § 10 of the United States Constitution and Article I, § 23 of the Louisiana Constitution; and (2) application of Department regulation 30-9, section 9(A)(2) to retrospectively cancel good time credits violated the ex post facto prohibition of the United States and Louisiana Constitutions.
DISCUSSION
Lewis argues that the revocation of good time credits pursuant to LSA-R.S. 15:571.3, as amended by Acts 1991, No. 138, and Department regulation 30-9 violated the ex post facto clauses of the state and federal constitutions. ' In his brief to this court, Lewis asserts that the crucial inquiry in the instant case is whether the cancellation of his good time credits had the effect of inflicting a greater punishment upon him than the law required at the time he committed his crime. Arguing that the application of the statute, as amended, and the Department regulation had the effect of imposing an additional twelve years on his sentence, Lewis asserts that there has been an unconstitutional ex post facto application of these rules herein. We find no merit to this argument.
Louisiana Revised Statute 15:571.3 governs eligibility for diminution of sentence (known as “good time”). At the time of the offense for which Lewis is incarcerated, LSA-R.S. 15:571.3 provided, in pertinent part, as follows:
C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Corrections if: le(l) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
******
*1155 (k) Armed robbery.
******
(r) Any felony which is defined as an attempt to commit one of the crimes enumerated in (a) through (q) herein, and
(2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
(3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10,1977.[4]
Under the clear wording of the statute in effect at the time Lewis committed the instant offense, Lewis was not eligible to earn diminution of his sentence through good time credit on three bases: (1) his present conviction is for attempted armed robbery, specifically listed under paragraph (C), sub-part (l)(k) and (r) of the statute as an offense for which no good time credit may be earned; (2) he was sentenced as a habitual offender under LSA-R.S. 15:529.1; and (3) his last conviction was for a crime committed on or after September 10, 1977. See Nicholas v. Phelps, 521 So.2d 636, 637 (La.App. 1st Cir.1988); Jackson v. Phelps, 506 So.2d 515, 516-517 (La.App. 1st Cir.), writ denied, 508 So.2d 829 (La.1987).
Moreover, the Department had no discretion in this matter to allow Lewis to earn good time credits. Subsection (C) of LSA-R.S. 15:571.3 clearly provides that diminution of sentence “shall not be allowed” for an inmate meeting the criteria set forth therein. See State ex rel. Gallagher v. State, 462 So.2d 1221, 1232 (La.1985) (Because LSA-R.S.15:571.10(A) provided that any prisoner consenting to work on parish public works shall be given credit on his sentence, the sheriff never had the discretion to deny work credits). Therefore, Lewis was never entitled to earn good time credits under the law in effect at the time he committed the instant offense. Consequently, the Department’s correction of his sentence to reflect his ineligibility for good time credits did not have the effect of inflicting greater punishment upon him than the law required at the time he committed the offense. There has been no ex post facto application of the law herein.
We further note that a defendant does not have a' constitutional or statutory right to an illegal sentence. See State v. Fraser, 484 So.2d 122, 123-124 (La.1986). Additionally, the United States Supreme Court has held that a defendant is not entitled to escape punishment because the sentencing court committed an error in passing the sentence. Rather, the sentencing judge is authorized to set aside what he had no authority to do and then pronounce a valid sentence as required by law. Bozza v. United States, 330 U.S. 160, 166-167, 67 S.Ct. 645, 649, 91 L.Ed. 818 (1947).
Similarly, we find that defendant herein likewise has no right to good time credits illegally granted to him by the Department. Thus, the Department had the right to correct the error it made in application of the statutory law governing good time eligibility to take away good time credits which it had no statutory authority to award.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court, dismissing Lewis’ claim with prejudice, is affirmed. Costs of this appeal are assessed against plaintiff, Terrence Lewis. See Gibson v. Barnes, 597 So.2d 176, 178 (La.App. 1st Cir.1992)
Affirmed.

. Regulation 30-9 was again amended on April 1, 1993, and March 30, 1994. As amended on March 30, 1994, section (8) was re-designated as section (9). However, the substance of this section was not changed by these amendments.

. Although he styled his petition as an application for writ, of habeas corpus, the district court treated Lewis’ petition as a petition for review of a determination by the Department pursuant to the Corrections Administrative Remedy Procedure.

. While LSA-R.S. 15:571.3 was amended in 1991 by Acts 1991, No. 138, this amendment did not affect the provisions of subsection (C) of the statute.