473 So.2d 873 (1985)
STATE of Louisiana
v.
Roosevelt DANIELS, III.
No. KA-3001.
Court of Appeal of Louisiana, Fourth Circuit.
July 9, 1985.
Rehearing Denied August 27, 1985.[*]
*874 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Julia S. Coley, Judith Brewster, Asst. Dist. Attys., New Orleans, for plaintiff-appellee, State.
Nancy C. Chachere, Student Practitioner, Calvin Johnson, John H. Craft, Supervising Attys., New Orleans, for defendant-appellant, Roosevelt Daniels, III.
Before SCHOTT, GARRISON and WARD, JJ.
WARD, Judge.
Roosevelt Daniels, III was convicted on two counts of armed robbery, adjudged a multiple offender, and sentenced to thirty-three years imprisonment. Daniels appeals, arguing three assignments of error. Additionally, we have reviewed the record for errors patent in the District Court proceedings. We do not find merit in any of Daniels' assignments of error, and although there is an error on the face of the record, the patent error does not require action by this Court. Hence, we affirm the conviction and sentence.
*875 Daniels was arrested for an unrelated crime, attempted theft, on the evening of January 25, 1984. In his wallet the arresting officers found a bank access card belonging to Scott Wyttenbach, the victim of an armed robbery two nights earlier.
In that robbery, Wyttenbach and Michael Best were walking along Washington Avenue near Broad Street sometime between 11:00 p.m. and 2:00 a.m. when two men attacked them. One of the men, later identified as Roosevelt Daniels, knocked Wyttenbach unconscious by a blow to his head with a shotgun. The other robber then held a handgun to Best's head while Daniels rifled through Wyttenbach's pockets, removing his keys and his wallet containing the bank card. Daniels then pointed the shotgun at Best and took his wallet, watch and jacket. The robbers ran, and Best followed. He saw them get into a bronze-colored florist's van and drive away. When Daniels was arrested two days later for the attempted theft, he told the police that he worked as a driver for a florist shop located at Broad Street and Washington Avenue.
Scott Wyttenbach remained unconscious for two weeks following the robbery and remembers nothing of the incident. Hence, Michael Best is the only witness, and he identified Daniels from a photographic line-up. Although Daniels does not contend that the police procedures were suggestive or otherwise improper, the reliability of Best's identification is the focus of Daniels' first two assignments of error.
Daniels first contends that the Trial Court should have granted his motion to suppress the identification and would have done so had it allowed defense counsel to question Scott Wyttenbach about the lighting at the scene and about whether Best was under the influence of intoxicants at the time of the robbery  matters which Daniels argues would have impugned Best's identification of Daniels.
We believe the Trial Judge properly sustained the State's objection to Wyttenbach's testimony at the suppression hearing. The only issue at a hearing on a motion to suppress an identification under La.C.Cr.P. art. 703 is the constitutionality of the procedures used by the police in procuring the identification of the defendant, that is, whether the police action suggested to the victim of a crime that the defendant should be identified as the perpetrator. However, in cases such as this one where there are no allegations that the police identification procedures were impermissibly suggestive, challenges to the victim's veracity and powers of observation do not raise constitutional issues but are matters to be considered by the jury during trial of the merits. Hence, the Trial Judge properly denied Daniel's motion to suppress evidence of the identification, and properly permitted the jury to consider the evidence at trial where defense counsel had the opportunity to cross-examine both Best and Wyttenbach concerning Best's ability to perceive the robbers.
Daniels next contends that the Trial Court erred in not admitting into evidence during cross-examination a hospital record which would have impeached Best's credibility. The record in question is Scott Wyttenbach's medical history which Best gave to Charity Hospital Emergency Room personnel who treated Wyttenbach immediately after the robbery. Wyttenbach's hospital record, a form filled in by a member of the hospital staff, states: "Friend gives hx: as had a few drinks and a joint. Later they were mugged...." In his testimony, Best said that he and Wyttenbach had a few beers with dinner several hours before the robbery, but he insisted that neither of them had smoked marijuana that evening.
Daniels argues that the information which Best gave in the Emergency Room is relevant because it tends to prove that Best was sufficiently intoxicated to alter his perceptions during the robbery and further that it is admissible as a prior inconsistent statement impeaching Best's credibility. Daniels claims that because the contradictory statement was not introduced, Best's repeated denials on the stand concerning the marijuana misled the jury into believing there was no inconsistency between *876 the hospital record and Best's testimony.
We believe Best's alleged statement in the hospital record is of little or no relevance as probative evidence. Scott Wyttenbach's medical condition is the fact proven by the hospital record, and whether Scott Wyttenbach was intoxicated is not a material fact at issue in this case. The relevance of proffered evidence depends on whether it tends to prove or disprove a material fact in issue. State v. Vaughn, 431 So.2d 358 (La.1982). Presumably, the theory of defense counsel is that because the two victims had passed the evening together, Wyttenbach's intoxication, as shown by the hospital record, implies that Michael Best was also intoxicated, and this condition impaired his perception of the robber, thus discrediting his identification of Daniels. Under this attenuated theory of relevance, we find no abuse of the Trial Judge's discretion in ruling that Wyttenbach's hospital record was not admissible. The statute providing for admissibility of certified copies of hospital records, R.S. 13:3714, does not apply because it provides an exception to the rule against hearsay evidence, not an exception to the requirement that evidence be relevant.
As for the admissibility of the hospital record for impeachment, the general rule is that the credibility of a witness may not be impeached with regard to an irrelevant fact. La.R.S. 15:494. Since we agree with the Trial Judge that the fact of Wyttenbach's intoxication is irrelevant, defense counsel could not impeach Best's credibility on that fact. Because the information in the hospital record could serve no purpose other than to impeach a witness on an irrelevant issue, the Trial Judge properly refused to admit the hospital record for impeachment purposes.
In his final assignment of error, Daniels contends the Trial Judge allowed the prosecutor to prejudice the jury during her closing argument by injecting social issues broader than Daniels' guilt or innocence. We have reviewed the transcript of the State's closing argument and find that the statements to which Daniels objects were merely a reminder to the jury members of their duty to convict Daniels if they believed the State had carried its burden of proof. The Trial Judge properly overruled Daniels' objection that the argument was improper.
We note that Daniels was sentenced to serve thirty-three years in the custody of the Department of Corrections. The penalty provision of La.R.S. 14:64 states that those convicted of armed robbery shall be imprisoned without benefit of parole, probation or suspension of sentence. Therefore, Daniels' sentence is unlawfully lenient. In State v. Jackson, 452 So.2d 682 (La.1984), our Supreme Court held that an appellate court should not correct an unlawfully lenient sentence where the defendant alone seeks review. We are also cognizant of C.Cr.P. art. 882, as amended by Act 587 of 1984, which provides:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state....
We do not interpret this article as overruling Jackson. We choose to apply the rationale that only in those circumstances where the State seeks review should we correct a sentence that is unlawfully favorable to the defendant.
Accordingly, Roosevelt Daniel's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Both Rehearings and Motions For Time are Denied.