620 So.2d 1193 (1993)
STATE of Louisiana
v.
Donald E. LANGLOIS.
No. 91-KA-0338.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*1194 Harry F. Connick, Dist. Atty., Mark D. Pethke, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Sheila C. Myers, Herbert V. Larson, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and BYRNES and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Defendant was charged with attempted second degree murder in violation of R.S. 14:27, 14:30.1, and was convicted of attempted manslaughter, a responsive verdict to the charge. He was adjudicated a quadruple offender under R.S. 15:529.1 and was sentenced to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence and without good time.
On August 17, 1986, the victim agreed to give the defendant, whom she knew from her father's deli, a ride to Broadway and Claiborne Avenues. After stopping to make a phone call, defendant asked the victim to drive him to meet friends at a motel on Airline Highway. Initially the victim waited in the car, but when defendant returned to the car and told her that her friend was on the telephone, she went into the motel room where she discovered that there was no phone and no people other than the defendant. She turned to confront defendant and he struck her in the face with a hard object. Defendant knocked the victim to the ground, he put *1195 his hands on her throat, strangling her and causing her to pass out. She regained consciousness, and after a period of time they left the motel in the victim's car. Finally, the defendant became violent again and the victim jumped from the window of the car and waved down a passing vehicle. She was taken to the hospital.
The State's forensic pathology expert testified that the hemorrhages in the victim's eyes were the same kind that are seen in a strangulation victim.
The initial report taken by Officer Milsaps at the hospital did not document the attempted strangulation. However, Officer Milsaps stated that the victim had bloodshot eyes and bruises on her neck, face, and shoulders. Homicide Officer Marco Demma testified that when he interviewed the victim her eyes were filled with blood and her face, neck, arms, and back were bruised. She also had scratches on her. In February 1988, when Demma went to Florida where the defendant had been arrested in connection with this incident, defendant made a statement that he had attacked the victim.
The occupants of the passing car testified that the victim was standing on the street screaming that somebody was trying to kill her.
After a review of the record for errors patent, we find that the trial court erred in sentencing defendant as a fourth offender under R.S. 15:529.1(D)(2) to life imprisonment without parole, probation, suspension of sentence, or good time. Neither that subsection of the statute nor the substantive offense under which the defendant was sentenced, attempted manslaughter, requires that sentence be imposed without parole eligibility. Since the statutes do not prohibit parole the enhanced sentence should not prohibit parole. R.S. 15:574.4; State v. Bell, 543 So.2d 965 (La. App. 4th Cir.1989).
The trial court also erred in denying defendant good time eligibility. Although as a multiple offender the defendant may be ineligible under R.S. 15:571.3, the trial court may not deny a defendant good time credits even though he may be ineligible by law. State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988).
Defendant raises two assignments of error. First he argues that the trial court committed reversible error when it refused to instruct the jury that second degree battery and simple battery were responsive verdicts to attempted second degree murder.
The statutorily mandated responsive verdicts to attempted second degree murder are guilty, guilty of attempted manslaughter, guilty of aggravated battery, and not guilty. C.Cr.P. art. 814(A)(4). The trial judge instructed the jury to consider all of these. This is an exclusive list of responsive verdicts and while the trial court may "exclude" one of the listed responsive verdicts, it cannot add to their number. State v. Square, 433 So.2d 104 (La.1983).
Appellant argues that he has a constitutional right to his requested jury charge on the additional responsive verdicts. Jury instructions on lesser included verdicts in noncapital cases are not mandated by the federal Constitution. Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir.1988) and Alexander v. McCotter, 775 F.2d 595, 601 (5th Cir.1985). This assignment lacks merit.
Next, defendant argues that the trial court erred in adjudicating him a fourth offender under R.S. 15:529.1 because the State's documentary evidence of his prior convictions and identity were not properly certified or authenticated.
To prove the multiple bill, the State introduced State's exhibits 1, 2, 3, and 4. Exhibit S-1 was stipulated to be the fingerprints of the defendant taken in open court on the day of the hearing. S-2 related to a 1982 California conviction; S-3 to a 1968 Florida conviction; and S-4 to a 1965 California conviction.
L.C.E. art. 902(1) does not require extrinsic evidence of authenticity if that document bears a seal purporting to be that of the United States or any state thereof and *1196 a signature purporting to be an attestation or execution. If the officer attesting to the document does not have a seal, then L.C.E. art. 902(2) provides that the document is self-authenticating if it bears the seal of the official who certifies the signature and capacity of the original signer. Thus, under either art. 902(1) or 902(2), a seal must be on the document.
Only the documents in S-3 are certified and bear the seal of the clerk of the Circuit Court in Hillsborough County, Florida. S-3 contains a certified set of fingerprints identified as the defendant's by Officer William Sable. Therefore, the trial court did not err in finding that the defendant had previously been convicted of murder in Florida.
However, the trial court erroneously admitted and adjudicated defendant a quadruple offender based upon the documents in S-2 and S-4 because improperly authenticated fingerprints cannot be used to prove identity. State v. Harris, 510 So.2d 439 (La.App. 1st Cir.1987) writ den. 516 So.2d 129.
Although the documents introduced to prove the California convictions, S-2 and S-4, were certified by the clerk of the Supreme Court of San Diego County, the judicial documents bearing the seal of the clerk of court do not contain any fingerprints. The fingerprints are on documents certified by Cheryl Steuer, the Keeper of Records of the California Bureau of Criminal Identification. However, no seal is contained on any of the documents certified by Ms. Steuer as required by L.C.E. art. 902(1). Furthermore, there is no additional certification as required by art. 902(2).
The State also failed to meet its burden under art. 902(4) which permits admission of documents that have been declared by Act of Congress or by Act of the Louisiana Legislature to be presumptively or prima facie genuine or authentic. Documents are admissible under 28 U.S.C. § 1739 if the records are authenticated by the legal custodian; then the custodian's signature is certified by a judge; finally, the judge's signature is certified. The California fingerprint records included in both S-2 and S-4 bear only the certification of the Keeper of Records of the Bureau of Criminal Identification. No additional certification as required by 28 U.S.C. § 1739 is present.
The fingerprints in S-2 and S-4 were not taken by the Department of Corrections, but by the Bureau of Criminal Identification. There was no identifying information on the fingerprints to link them with the conviction.
The State failed to prove defendant's multiple offender status under the "pen pack" provision of R.S. 15:529.1(F).
In its brief the state seems to concede that the fingerprints are not properly certified or authenticated, but it argues that they were admissible under the rationale of State v. Louis, 496 So.2d 563, 567 (La.App. 1 Cir.1986). In that case the fingerprints were clearly a part of the defendant's prison record which was certified to by the proper Louisiana officials who had custody of the defendant and his records. In the instant case the fingerprints were added to the records several months later and are certified by different officials than the officials who certified as to the other documents.
Because the state did not prove the defendant's identity in connection with the two California convictions, we pretermit discussion of appellant's additional argument regarding the five year cleansing period.
Accordingly, defendant's conviction for attempted manslaughter is affirmed. His adjudication and sentence as a quadruple offender are vacated and the matter remanded for resentencing consistent with this opinion. The State is not precluded from proceeding with another multiple bill hearing.
AFFIRMED.