733 So.2d 703 (1999)
STATE of Louisiana, Appellee,
v.
Lee M. LARRIVERE, Defendant-Appellant.
No. CR98-1399.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1999.
*704 William E. Tilley, Leesville, for State of Louisiana.
Tony Clell Tillman, Leesville, for Lee M. Larrivere.
Before SAUNDERS, WOODARD and DECUIR, Judges.
DECUIR, Judge.
The Defendant, Lee M. Larrivere, pled guilty to simple burglary of an inhabited dwelling. In return for his plea, the State dismissed other charges for misdemeanor offenses. The Defendant was sentenced to twelve years at hard labor, to run concurrent with any other sentence the Defendant was serving. The trial court imposed the sentence without parole; a subsequent motion to reconsider sentence was denied without a hearing. This appeal followed.
Appellate counsel submitted a brief stating he thoroughly reviewed the record and has found no nonfrivolous issues to be raised on appeal. He also filed a motion to withdraw. The Defendant was given the opportunity to file a brief on his own behalf and has not done so.
The record reveals that the Defendant entered his father's residence through a bedroom window without permission and with the intent to commit a theft. Once inside, the Defendant took several checks that did not belong to him, then left. He was apprehended when he attempted to negotiate the checks at a nearby bank.
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find the Defendant received an illegal sentence. The trial court prohibited parole eligibility for the Defendant's entire sentence. The statute under which the Defendant was sentenced, however, prohibits parole eligibility for the first year only. See La.R.S. 14:62.2 and State v. Jones, 532 So.2d 369 (La.App. 3 Cir.1988). While it is true that the Defendant is a fourth felony offender, and thus ineligible for parole under La. R.S. 15:574.4(A)(1), the supreme court has held that a trial court lacks authority to *705 prohibit parole eligibility pursuant to that statute. In St. Amant v. 19th Judicial District Court, 94-0567 (La.9/3/96); 678 So.2d 536, enforcement granted, 94-0567 (La.6/27/97); 696 So.2d 984, the court stated:
Writ granted. Because the terms of the statute under which relator was sentenced do not include a prohibition on parole, see R.S. 14:62, the district court is directed to resentence relator to a term which does not include such a prohibition. Relator's parole eligibility "is to be determined by the Department of Corrections pursuant to R.S. 15:574.4." State v. Bell, 543 So.2d 965, 970 (La.App. 4th Cir.1989); see Also State v. Langlois, 620 So.2d 1193, 1195 (La.App. 4th Cir.1993); cf. State ex rel. Simmons v. Stadler, 93-1852 (La.1/26/96), 666 So.2d 661; Jackson v. Phelps, 506 So.2d 515 517-18 (La.App. 1st Cir.1987), writ denied, 508 So.2d 829 (La.1987).
The decision does not state whether St. Amant was a third or subsequent felony offender whose parole eligibility would have been prohibited under La.R.S. 15:574.4. However, in one of the cases cited by the supreme court, State v. Langlois, 620 So.2d 1193, 1195 (La.App. 4 Cir.), writ denied, 625 So.2d 1042 (La.1993), appeal after remand, 96-0084 (La.App. 4 Cir. 5/21/97); 695 So.2d 540, the court recognized as an error patent the trial court's prohibition of parole when neither the habitual offender statute nor the substantive offense under which the defendant was sentenced prohibited parole. Although not discussed by the court, Langlois was a fourth felony offender whose parole eligibility would have been prohibited by La.R.S. 15:574.4. Nonetheless, the court found that the trial court should not have prohibited parole.
In State v. Miller, 96-2040 (La.App. 1 Cir. 11/7/97); 703 So.2d 698, writ denied, 98-0039 (La.5/15/98); 719 So.2d 459, the court found the trial judge erred in restricting parole eligibility on a third felony offender since neither the substantive statute under which the defendant was sentenced nor the habitual offender statute restricted parole eligibility. The first circuit recognized that because the defendant was a third felony offender, La.R.S. 15:574.4 prohibited his parole; however, relying on St. Amant, the court found that parole eligibility under that statute is to be determined by the Department of Public Safety and Corrections, not by the trial court.
Accordingly, we find the trial court erred in prohibiting the Defendant's parole eligibility for the entire sentence, and we amend the sentence to reflect that parole eligibility is prohibited for the first year only.
Counsel for the Defendant filed a brief asserting that there were no meritorious grounds for appeal, and he filed a motion to withdraw as counsel. In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court created a procedure by which an attorney representing an indigent defendant can avoid raising frivolous issues on appeal. This procedure was approved in State v. Benjamin, 573 So.2d 528 (La. App. 4 Cir.1990), and the Louisiana Supreme Court approved it in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176.
An Anders appeal should provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." State v. Mouton, 653 So.2d at 1177. In State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, the supreme court stated:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.
*706 In his brief, appellate counsel raises two potential issues, but concludes they do not have merit. First, the Defendant apparently contends he was advised by his counsel that he would receive the minimum sentence in exchange for his guilty plea. However, according to appellate counsel, nothing in the guilty plea transcript indicates the Defendant would receive the minimum sentence.
The trial court explained the constitutional rights the Defendant was waiving along with the penalty range for simple burglary of an inhabited dwelling. After accepting the Defendant's plea, the trial court ordered a pre-sentence investigation. Previously the Defendant had signed a "Waiver of Constitutional Rights and Plea of Guilty" form, which states that he had not been promised anything or induced to plead guilty by threat, pressure, coercion or force. The record does not indicate that any misunderstanding the Defendant had concerning his sentence was induced by the District Attorney or the trial court or was caused by the fraud, intimidation or incompetence of his trial counsel.
Next, appellate counsel addresses the issue of whether the Defendant's sentence is excessive. The Defendant received the maximum sentence for simple burglary of an inhabited dwelling, twelve years at hard labor. Although La.Code Crim.P. art. 881.2(A)(2) can be interpreted to preclude review of the Defendant's sentence, we conclude that justice requires review of the sentence imposed herein. In State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36, this court chose to review the defendant's sentence because at the time of his guilty plea, the defendant was informed only that he was waiving his right to appeal his conviction, not that he was generally waiving all rights to appeal. Similarly, in the instant case, the Defendant signed a guilty plea form which stated he had five days to file a motion to appeal his sentence.
The Defendant received the maximum sentence for simple burglary of an inhabited dwelling. The trial judge noted that the Defendant is a drug user and has a very lengthy criminal record. The Defendant's present offense is his fourth felony conviction; he was scheduled for a probation violation hearing on a previous charge soon after sentencing in this matter. The trial judge also noted that the State agreed to dismiss a misdemeanor theft charge along with three other misdemeanor charges and agreed not to charge the Defendant under La.R.S. 15:529.1. If the Defendant had been adjudicated a fourth felony offender under that statute, he could have been sentenced to a minimum of twenty years and a maximum of his natural life. Thus, the sentence the Defendant received was substantially less than what he would have received had he been adjudicated a fourth felony offender.
Considering these facts, we conclude that the Defendant's sentence of twelve years is not excessive. We refer the reader to other decisions in which the maximum sentence for simple burglary of an inhabited dwelling has been upheld: State v. Smith, 28,280 (La.App. 2 Cir. 6/26/96); 677 So.2d 589, writ denied, 97-0850 (La.11/14/97); 703 So.2d 1287; State v. Conners, 577 So.2d 273 (La.App. 3 Cir. 1991); and State v. Tran, 97-640 (La.App. 5 Cir. 3/11/98); 709 So.2d 311.
For the foregoing reasons, we grant appellate counsel's motion to withdraw and affirm Defendant's conviction. We amend the sentence imposed to reflect that only one year is to be served without benefit of parole and, as amended, the sentence is affirmed.
AFFIRMED, AS AMENDED.