I .BYRNES, Judge.
This appeal concerns a resentencing only.
Roosevelt Daniels, III, a/k/a Samuel Fant, was convicted of two counts of armed robbery on June 27, 1984; he was adjudicated a second offender on both counts on August 31, 1984, and sentenced to serve one thirty-three year term at hard labor as a second offender. This court affirmed the convictions and sentences. State v. Daniels, 473 So.2d 873 (La.App. 4 Cir.1985), writ denied, 478 So.2d 1233 (La.1985).
In writ 98-K-2367 (unpublished), Daniels claimed that the district court erred in sentencing him as a multiple offender on both counts of armed robbery. This court agreed (based on State v. Ward, 94-0490 (La.App. 4 Cir. 2/29/96), 670 So.2d 562, writ denied, 97-0642 (La.9/19/97), 701 So.2d 165, and vacated his multiple offender sentence. The case was remanded to the district court for resentencing on both counts with adjudication and sentencing as an habitual offender on only one of the convictions. State v. Daniels, 98-K-2367, 473 So.2d 873 (La.App. 4 Cir. 7/9/85).
The facts of the case are not at issue here.[1]
|2The defendant now makes two arguments concerning his sentencing. He maintains that the State failed to provide proof of Boykinization and a certified fingerprint card from his prior guilty plea.
In his first assignment of error the defendant argues that the State did not provide sufficient evidence that the defendant received his Boykin rights at sentencing when he pleaded guilty to robbery in 1981 in Philadelphia.
The Louisiana Supreme Court in State v. Shelton, 621 So.2d 769 (La.1993), reviewed the jurisprudence concerning the burden of proof in habitual offender proceedings and found it proper to assign a *231 burden of proof to a defendant who contests the validity of his guilty plea. That ruling was incorporated into La. R.S. 15:529.1(D)(l)(b) which states in pertinent part:
[T]he district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
At the multiple offender hearing on March 30, 1999, the State introduced a guilty plea/minute entry form on which there was a statement, “I plea [sic] guilty” dated June 12, 1981; it was signed by the judge, and listed the names of the | aprosecutor and the defense attorney. The defense objected that the minute entry did not indicate that the defendant had been Boykinized at the prior adjudication.
In State v. Wells & Francois (La.App. 4 Cir.), 522 So.2d 1163, 1165, writ denied, 523 So.2d 1336, (La.1988), this Court considered a similar case where an out-of-state conviction was challenged on the issue of proper Boykinization. This Court stated:
As to [the defendant] Wells, the predicate conviction was based upon a plea of guilty to aggravated robbery and unauthorized use of a vehicle in 1982 in the State of Texas. Where the predicate conviction is from another state it must be for a crime which, if committed in Louisiana, would be a felony. R.S. 15:529.1(A). Defendant Wells does not dispute that this requirement has been met. Where the predicate conviction occurred in another state and was based upon a plea of guilty, the state is required to prove only that the defendant was represented by counsel, and the burden shifts to the defendant to prove that he was deprived of his rights under Boykin, either by producing the transcript or by other evidence if he can show that the transcript cannot be produced. State v. Smith, 415 So.2d 930 (La.1982). The record shows and.defendant does not dispute that he was represented by counsel in the Texas proceedings. Since Wells neither produced the transcript of the Texas guilty plea nor demonstrated that he could not obtain a copy of it he failed to meet his burden of proving that he was deprived of his constitutional rights when he entered his plea. [Emphasis added].
In the case at bar, the minute entry/guilty plea from Philadelphia which was introduced by the state is signed by the judge, and the defendant’s lawyer is listed as P.D. Stewart. The record indicates that the minute entry in question shows the defendant was represented by counsel at the plea, and there is no affirmative evidence on the part of the defendant to show he was deprived of his | constitutional rights when he pleaded guilty to his prior offense. Therefore, we find that the trial court correctly held that the defendant’s 1981 plea was informed and voluntary on the basis of a review of the record.
There is no merit in this assignment of error.
The defendant next argues that the fingerprint card was not properly authenticated.
To obtain a multiple offender conviction, the State is required to establish both the prior felony conviction and that the defendant is the same person convicted of that felony. State v. Henry, 96-1280 (La.App. 4 Cir. 3/11/98), 709 So.2d 322, 326, writ denied, 99-2642 (La.3/24/00), 758 *232 So.2d 143. In that case this Court stated that:
Various methods are available to prove that the defendant on trial is the same person convicted of the prior felony offense, such as by testimony of witnesses, by expert opinion as to the fingerprints of the accused when compared with those of the person previously convicted, by photographs contained in a duly authenticated record, or by evidence of identical driver’s license number, sex, race and date of birth.
At the March 30, 1999 sentencing hearing in the instant case, Officer Glen Bur-master, an expert in fingerprint analysis, testified that the fingerprints on a card from the Philadelphia Police Department matched those of Daniels taken in court that day. The defense attorney objected that the card was not certified by the seal of any state nor did it bear a signature authenticating it. The fingerprint card is signed by Samuel Fant, a known alias of Daniels; it is stamped “Philadelphia Police Department” and bears the police number of this case, # 583965. (That number and the name Samuel Fant are also found on the guilty plea/minute entry.) |sAt the sentencing hearing the prosecutor answered the defendant’s objection by noting that all of the documents from the defendant’s 1981 robbery conviction arrived in a packet under a sealed front page. That page bears a seal and the statement, “I certify the foregoing to be a true and correct copy of the whole Record, in the case above stated, as full, entire and complete as the same now remains of Record in this office.” It is signed by the clerk of courts and dated March 23,1984.
In his brief the defendant notes that the fingerprint card was requested separately by the district attorney’s office. A letter in the record dated July 20, 1984, asks the Philadelphia Police Department to:
Please furnish us with certified copies of the following documents: certified copy of fingerprint card, one photograph. The certification should demonstrate that the certifier is the legal custodian of the requested records.
A thorough review of the record reveals only the sealed, signed letter from the Philadelphia Clerk of Court dated March 23, 1984, which was provided when the first documents arrived from Philadelphia. That letter is stamped August 20,1984, the first day of the original multiple bill hearing, and signed by Raymond Cuccio, who was the minute clerk in Section C of Criminal District Court.
In State v. Langlois, 620 So.2d 1193, 1195-96 (La.App. 4 Cir.), writ denied, 625 So.2d 1042 (La.1993), this court considered whether documents purporting to be evidence of a conviction in California were properly certified or authenticated, and stated:
L.C.E. art. 902(1) does not require extrinsic evidence of authenticity if that document bears a seal purporting to be that of the United States or any state thereof and a signature purporting to be an attestation or execution. If the officer attesting to the document does not have a seal, |fithen L.C.E. art. 902(2) provides that the document is self-authenticating if it bears the seal of the official who certifies the signature and capacity of the original signer. Thus, under either art. 902(1) or 902(2), a seal must be on the document.
[[Image here]]
Although the documents introduced to prove the California convictions, S-2 and S-4, were certified by the clerk of the Supreme Court of San Diego County, the judicial documents bearing the seal of the clerk of court do not contain any fingerprints. The fingerprints are on documents certified by Cheryl Steuer, the Keeper of Records of the California Bureau of Criminal Identification. However, no seal is contained on any of the documents certified by Ms. Steuer as required by L.C.E. art. 902(1). Furthermore, there is no additional certification as required by art. 902(2).
*233 The State also failed to meet its burden under art. 902(4) which permits admission of documents that have been declared by Act of Congress or by Act of the Louisiana Legislature to be presumptively or prima facie genuine or authentic. Documents are admissible under 28 U.S.C. Sec. 1739 if the records are authenticated by the legal custodian; then the custodian’s signature is certified by a judge; finally, the judge’s signature is certified. The California fingerprint records included in both S-2 and S-4 bear only the certification of the Keeper of Records of the Bureau of Criminal Identification. No additional certification as required by 28 U.S.C. Sec. 1739 is present.
The fingerprints in S-2 and S-4 were not taken by the Department of Corrections, but by the Bureau of Criminal Identification. There was no identifying information on the fingerprints to link them with the conviction.
The State failed to prove defendant’s multiple offender status under the “pen pack” provision of R.S. 15:529.1(F).
In its brief the state seems to concede that the fingerprints are not properly certified or authenticated, but it argues that they were admissible under the rationale of State v. Louis, 496 So.2d 563, 567 (La.App. 1 Cir.1986). In that case the fingerprints were clearly a part of the defendant’s 17prison record which was certified to by the proper Louisiana officials who had custody of the defendant and his records. In the instant case the fingerprints were added to the records several months later and are certified by different officials than the officials who certified as to the other documents.
In the case at bar, as in State v. Langlois, supra, the document evidencing the defendant’s identity did not bear the seal, signature, and capacity of the signer. On the basis of the date of the correspondence requesting the fingerprints we may infer that the fingerprints were added to the record months later, and were not part of the previously received packet which was under seal.
In State v. Henry, supra, the prosecution was unable to find the arrest register for one of the prior convictions. This Court held that it was sufficient for the prosecution to produce a certified copy of the prior conviction bearing the same Bureau of Identification Number, physical description, birth date, and social security number of the defendant. However, in the instant case there is no physical description, social security number, or BIN on the Philadelphia documents; and even the defendant’s name and birth date are not the same as those in the New Orleans conviction documents. Moreover, the arrest register bearing defendant’s social security number, birth date, and BIN from the 1984 New Orleans crime is not part of the record. Those numbers are listed in a letter from a New Orleans prosecutor to the Philadelphia Police Department requesting documents. The record is devoid of information linking Daniels to the Philadelphia conviction if the fingerprint evidence is excluded.
Because the state failed to present certified or authenticated fingerprints and therefore failed to prove the defendant’s identity in connection with the [^Philadelphia conviction, his adjudication as a second offender is vacated. The matter is remanded for resentencing consistent with this opinion.

SECOND OFFENDER ADJUDICATION VACATED; REMANDED FOR RESENTENCING.

. Daniels was arrested for an unrelated crime, attempted theft, on the evening of January 25, 1984. In his wallet the arresting officers found a bank access card belonging to Scott Wyttenbach, the victim of an armed robbery two nights earlier. In that robbery, Wyttenbach and Michael Best were walking along Washington Avenue near Broad Street sometime between 11:00 p.m. and 2:00 a.m. when two men attacked them. One of the men, later identified as Roosevelt Daniels, III, knocked Wyttenbach unconscious by a blow to his head with a shotgun. The other robber then held a handgun to Best’s head while Daniels rifled through Wyttenbach's pockets, removing his keys and his wallet containing the bank card. Daniels then pointed the shotgun at Best and took his wallet, watch and jacket. The robbers ran, and Best followed. He saw them get into a bronze-colored florist’s van and drive away. When Daniels was arrested two days later for the attempted theft, he told the police that he worked as a driver for a florist shop located at Broad Street and Washington Avenue.
Scott Wyttenbach remained unconscious for two weeks following the robbery and remembers nothing of the incident. Hence, Michael Best is the only witness, and he identified Daniels from a photographic line-up. State v. Daniels, 473 So.2d 873, 875 (La.App. 4th Cir.1985).